did not give the plaintiff having such contract the standing of a claimant, and that the motion of the defendant to dismiss for misjoinder of plaintiffs was properly granted.

2. EXECUTION, § 122*—*what is purpose of proceedings for trial of right of property.* In proceedings for trial of right of property levied on under an execution, the purpose is to determine the right to the property as against the levy.

3. EXECUTION—*when proceedings for trial of right of property may not be maintained by claimants jointly.* In proceedings for trial of right of property, where one person claimed the title to the automobile in question and another claimed merely an interest in the proceeds of a sale of the automobile, *held* that the property could not have been awarded to both claimants, and that therefore the action could not be maintained by them jointly.

## Theofila Galewski, Appellee, v. Clover Leaf Casualty Company, Appellant.

### Gen. No. 22,309.    (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. J. J. COOKE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Reversed and remanded. Opinion filed April 10, 1917. Rehearing denied April 24, 1917.

### Statement of the Case.

Action by Theofila Galewski, plaintiff, against the Clover Leaf Casualty Company, a corporation, defendant, to recover on an accident policy for the death of the husband of plaintiff. From a judgment for plaintiff, defendant appeals.

BRADLEY, HARPER & EHEIM, for appellant; SAMUEL A. HARPER and EDWARD J. FARRELL, of counsel.

S. P. DOUTHART and FRED C. SMITH, for appellee; GUERIN & BARRETT, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Galewski v. Clover Leaf Casualty Co., 205 Ill. App. 247.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 800*—*what must be contained in bill of exceptions.* Points urged for a reversal, relating to the sufficiency of the evidence and predicated on a motion for new trial as recited in the clerk's transcript, cannot be considered in the absence of such motion from the bill of exceptions.

2. APPEAL AND ERROR, § 1512*—*when improper remarks of court as to comparative weight of negative and positive evidence are reversible error.* In an action upon an accident insurance policy to recover for death, where the plaintiff claimed that death resulted from an infection in the internal ear, which started from the blood caused by a wound sustained in an accident, and the defendant claimed that such an infection could not have been caused by an external injury like the one in question, and the question of liability hinged on whether the trouble antedated the accident, and plaintiff's evidence on that subject was mainly of a negative character, to the effect that the witnesses never knew of such a trouble, and the defendant offered direct and positive evidence that the insured had chronic internal ear trouble prior to the accident which developed into a septic condition that caused his death, *held* that remarks of the trial judge calculated to convey to the minds of the jury the impression that negative evidence was as strong and conclusive as positive evidence to the contrary constituted reversible error.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.